UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENRIC HOWARD | § | CIVIL ACTION #15-2441 MLCF-KWR |
| VERSUS | § | JUDGE MARTIN L.C. FELDMAN |
| SEADRILL AMERICAS, INC. | § | MAG. JUDGE KAREN WELLS ROBY |
| | | *Jury Trial Requested* |

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA DUCES TECUM**

MAY IT PLEASE THE COURT:

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff, KENRIC HOWARD, who respectfully moves for an order quashing Defendant, SEADRILL AMERICAS, INC.'s, *subpoena duces tecum* which commands production of Plaintiff's cell phone usage data.  Seadrill's actions amount to nothing more than a harassing fishing expedition, apparently launched for specious reasons having nothing to do with this case.  As Seadrill has made it clear to Judge Feldman, undersigned counsel is handling many cases against Seadrill and, as Seadrill's counsel has made it clear to undersigned counsel on numerous occasions, Seadrill wants to discover the identity of the "moles" who Seadrill believes must be referring cases to undersigned counsel.   Undersigned counsel has done nothing wrong on this case or any other, but if Seadrill wishes to go there, it should file a disciplinary complaint rather than harm this Plaintiff for ulterior motives.

-1-

## FACTS

The Court is well acquainted with the facts and circumstances of this case – Your Honor has held two settlement conferences in this case.  The parties also have met with Judge Feldman for two separate pre-trial conferences.  The parties also had a full day private mediation and numerous followup telephone calls with the mediator.  The issue (or really non-issue) of Plaintiff's cell phone usage in the week following his fall and injury on Seadrill's rig has never once come up, until now, after the trial has been set and continued twice.   As such, the Defendant has neither questioned Plaintiff about his cell phone usage in his deposition, nor through written discovery.  Now, after the parties have prepared for trial twice, Seadrill's has served upon AT & T a *subpoena duces tecum* commanding production of Plaintiff's cellular usage records for the dates of June 15, 2015 through June 23, 2015.    This period of time spans the date of the incident forming the basis of this lawsuit, Plaintiff's retention of counsel and the Plaintiff's first visit with his treating orthopedist, Dr. Doug Lurie.   The subpoena commands production of **"all cell phone usage records, including inbound and outbound calls, text messages available for KENRIC TYRONE HOWARD, DOB 12.15.1978, S.S.#XXX-XX-3320, covering the period of June 15, 2015 to June 23, 2015.  The subscribers cell phone number was 601-927-3926.  No one need to appear in person if the requested documents are received by the undersigned prior to the date indicated below."**   Attached as "Exhibit A."

## LAW AND ARGUMENT

This subpoena seeks production of private information which is irrelevant to the issues in this lawsuit. Seadrill's subpoena to AT &T is being used as a tool to harass Plaintiff and to invade Plaintiff's privacy. Seadrill has provided **_no rationale or pretext for the issuance of its subpoena_**. Seadrill has not articulated any basis for the production of Plaintiff's cell phone records because it cannot articulate a valid basis for this production, although Seadrill's real basis is Seadrill's dislike for undersigned counsel (according to Judge Feldman) because of the many clients he represents against Seadrill which has cost Seadrill millions and millions of dollars, several of which have also come up before Your Honor in settlement conference..

Chief Magistrate Judge Wilkinson recently decided an identical issue in *Winter v. Bisso Marine Co.,* 2014 U.S. Dist. LEXIS 103281, 2014 WL 3778833 (E.D. La. 2014), quashing the subpoena for the cellular usage of that plaintiff. The *Winter* plaintiff was a Jones Act seaman like Howard. Bisso Marine was the Jones Act employer like Seadrill. The threshold issue was whether the plaintiff had standing to quash the subpoena issued to a non-party in the case. Judge Wilkinson held that the plaintiff did have standing to object to the subpoena "because it implicates his personal interest in the privacy of his cell phone records." *Winter,* 2014 U.S. Dist. Lexis at *4. Having affirmatively answered the threshold question as to plaintiff's standing, Judge Wilkinson applied the ordinary discovery standard[1], and held that "plaintiff's relevance objections

---

[1] Subpoenas duces tecum to third parties are discovery devices subject to the limitations of Fed. R. Civ. P. 26. *Winter,* 2014 U.S. Dist. Lexis at *4, (citing *Martin v. Oakland Cnty,* 2008 U.S. Dist. LEXIS 84217 (E.D. Mich. 2008), *Williamson v. Horizon Lines, LLC,* 248 F.R.D. 79, 83 (D. Me. 2008)(citing 9A Wright & Miller §2452), *Garvin v. S. States Ins. Exch. Co. No. 1*, 2007 U.S. Dist. LEXIS 63664 (N.D.

are well founded". *Id.*   Judge Wilkinson elaborated that "the subpoena is not reasonably calculated to lead to the discovery of admissible evidence ... to whatever extent the materials sought may have some tangential relevance to the subject matter involved in the action ... Bisso Marine has not articulated good cause to expand the scope of discovery to such matters." *Id.,* (citing Fed. R. Civ. P. 26(b)(1).)

    The same result should obtain in this case.  Plaintiff urges Your Honor to adopt Judge Wilkinson's opinion.   Plaintiff has standing to quash this subpoena.  Seadrill, like Bisso, is seeking information which "implicates" Plaintiff's interest in his privacy."  Seadrill, like Bisso, cannot provide a rationale for the production of this evidence – it seeks to invade and intrude on Plaintiff's privacy to obtain records which are irrelevant (and not reasonably calculated to lead to relevant evidence.)   Further, Defendant seeks to invade Plaintiff's attorney-client privilege by searching for possible text messages and phone calls between Plaintiff and his attorneys.  Any such communication between Plaintiff and his attorneys is privileged communication.

    So far undersigned counsel has refrained from seeking the similar cellular records of Seadrill executives and its claims adjusters which indeed would be far more relevant to the actual issues in this case.   Such a request for production would seek relevant documents given the testimony of the medic in this case that (1) his notes were destroyed by Seadrill[2] and (2) that the medic was misled over the phone by the claims

---

W. Va. 2007)(citing *In re Application of Time, Inc.,* 1999 U.S. Dist. LEXIS 15858 (E. D. La. 1999), *aff'd* 209 F.3d 719 (5th Cir. 2000).)

    [2]    Seadrill has in the last couple of hours submitted a "dog ate my homework" declaration of the medic, Jeff Stethem, that his handwritten notes were just that - they were written on his hand.  Alternatively, Stethem suggests his handwritten notes may have been written on post-it notes which of course disappeared in spite of his deposition testimony that "Seadrill destroyed my notes".  Also, in the

adjuster as to Plaintiff's diagnosis (upon which the medic relied leading to the creation of a false medical report).   This "war" of cell phone records requests could go on endlessly *but* needlessly.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's *Motion to Quash Subpoena Duces Tecum*.   Defendant's subpoena seeks production of documents irrelevant to the issues involved in this lawsuit, but which contain Plaintiff's sensitive and private information.

                                               Respectfully submitted,

                                               STRAUSS & KING, APLC

                                                *s/ Berney L. Strauss*
                                               Berney L. Strauss (#12527)
                                               Rhett E. King (#23811)
                                               Sarah A. Lowman (#18311)
                                               406 Magazine Street, Suite 300
                                               New Orleans, Louisiana 70130
                                               504-523-0033 (telephone)
                                               504-523-0109 (facsimile)

                                               COUNSEL FOR KENRIC HOWARD

---

last couple of hours, Seadrill produced eight additional photographs of the accident scene when they have maintained until now that there was only one photo of the accident scene.   Needless to say, Plaintiff will be filing a spoliation motion to strike all defenses which undersigned counsel has never been constrained to file in forty years of practice.

### **CERTIFICATE OF SERVICE / COMPLIANCE**

I hereby certify that on this 1st day of November, 2016, I electronically filed the foregoing pleading with the Clerk of Court by using the CM / ECF system which will send a notice of electronic filing to all interested parties.

                                               ___*s/ Berney L. Strauss*___