UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENRIC HOWARD                                    CIVIL ACTION

VERSUS                                           NO:    15-2441

SEADRILL AMERICAS, INC.                          SECTION: "F" (4)

## ORDER

Before the Court is **Motion to Quash Subpoena *Duces Tecum* for Production of Cell Phone Records (R. Doc. 55)** filed by the Plaintiff seeking an order from the Court to quash a subpoena issued to AT&T Mobility, LLC by the Defendant. The motion is opposed. R. Doc. 57. The motion was submitted on November 30, 2016 and heard with arguments that same day. For the following reasons, the motion is **GRANTED**.

**I.     Background**

This action was filed in the District Court on July 2, 2015. R. Doc. 1. The Plaintiff, Kenric Howard ("Plainitff"), alleges that he was employed by the Defendant, Seadrill Americas, Inc., ("Defendant") as a roustabout assigned to the WEST CAPRICORN, a deeepwater semi-submersible drilling vessel. *Id.* at p. 1. The Plaintiff alleges that he sustained severe injuries to his person, including injuries to his lower back, right ankle, and left knee on June 15, 2015 during the course of his employment on the WEST CAPRICORN. *Id.* at p. 2. The Plaintiff further alleges that his injuries were the result of the negligence of the Defendant and the unseaworthiness of the WEST CAPRICORN and its appurtenances, particularly the vessel's riser bay decking and grating. *Id.* As such, the Plaintiff filed the instant action against the Defendant under the Jones Act. *Id.* at 1.

At this time, the Plaintiff has filed a motion to quash a subpoena *duces tecum* served upon AT&T Mobility, LLC. R. Doc. 55. The subpoena commands the production of: "all cell phone

1

usage records, including inbound and outbound calls, text messages available for KENRIC TYRONE HOWARD. . .covering the period of June 15, 2015 to June 23, 2015." R. Doc. 55-1, p. 2. The Plaintiff argues that this request seeks information implicating the Plaintiff's privacy interest and which is irrelevant to the case. *Id.* at p. 4. Moreover, the Plaintiff avers that the information might also be protected by the attorney-client privilege to the extent the search involves text messages and phone calls between the Plaintiff and his attorneys. *Id.*

The Defendant argues that the Plaintiff's motion to quash should be denied for two reasons. First, the Defendant argues that the Plaintiff lacks standing to challenge the subpoena under Federal Rule of Civil Procedure 45(d)(3) because the subpoena does not seek the disclosure of any "privileged or other protected matter." R. Doc. 57, p. 2. The Defendant also argues that the subpoena seeks relevant information because the Defendant plans to present evidence to the Court that the Plaintiff has taken unnecessary steps and medical treatment because of the possibility of litigation. *Id.* at p. 3-4. The Defendant argues then that it is relevant to determine when the Plaintiff first contacted counsel, directly or through a third party. *Id.* at p. 5.

## II.     Standard of Review

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See, Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

"Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, C.M.J.). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

### III.   <u>Analysis</u>

The Plaintiff has moved for an order to quash the subpoena served on AT&T Mobility LLC by the Defendant seeking the Plaintiff's cell phone records. R. Doc. 55. The Plaintiff primarily argues that the records are irrelevant to the case and seek information that would intrude on the Plaintiff's privacy rights. R. Doc 55-1. In turn, the Defendant argues that the Plaintiff lacks standing to challenge the subpoena and the information sought is relevant to the Defendant's defense that the Plaintiff took unnecessary steps and underwent unnecessary medical procedures in anticipation of litigation. R. Doc. 57.

First, the Plaintiff has standing to challenge the subpoena. While the Plaintiff is not the person to whom the subpoena was served nor is in possession or control of the request information, the Plaintiff does have a sufficient personal interest in the information to have standing to challenge the subpoena. *See Johnson,* 2014 WL 176750, at *4. The Defendant argues that the Plaintiff lacks standing because he has no personal right or privilege to his phone records which do not contain the content of the conversations. R. Doc. 57, p. 2. In support of its argument, the Defendant points to cases out of the Ninth Circuit that evaluated a Fourth Amendment right to privacy implicated by phone records in the criminal context. R. Doc. 57, p. 2. (citing *United States v. Lustig*, 555 F.2d 737, 747 n.10 (9th Cir. 1977) and *United States v. Reed*, 575 F.3d 900, 914-15 (9th Cir. 2009). However, in the one civil case cited by the Defendant for the proposition that the Plaintiff lacks standing, the District Court actually found that the plaintiff there "had a legally protected privacy interest in the AT&T account" which was limited under the circumstances where the plaintiff's employer had been paying for the phone. *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F.Supp. 2d 987, 999 (C.D. Cal. 2012).

Certainly, because the subpoena seeks to obtain the Plaintiff's cell phone records, the Plaintiff has enough of a personal interest in the subject matter of the subpoena to have standing to challenge the subpoena. *See Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (Wilkinson, M.J.) ("[Plaintiff] has standing to object to the subpoena because it implicates his personal interest in the privacy of his cell phone records."); *Clark v. Johnson,* No. 14-cv-582, 2015 WL 4694045, at *2 (N.D. Okla. Aug. 6, 2015) ("Courts have held that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party. This includes cell phone information.").

Second, under the 2015 Amendment to the Federal Rules of Civil Procedure, parties may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Here, the Defendant argues that the cell phone records from June 15, 2015 to June 23, 2015 are relevant to the Defendant's theory that the Plaintiff underwent unnecessary medical treatment and took other steps because of the possibility of litigation. R. Doc. 57, p. 4. In particular, the Defendant argues that the phone records will demonstrate that the Plaintiff retained counsel soon after his accident who referred the Plaintiff to a doctor more than three hours from the Plaintiff's residence. *Id.* Defendant further argues that the Plaintiff then saw Dr. Lurie—the doctor referred by Plaintiff's counsel— on June 23, 2015, more than eight days after his accident. *Id.* The Defendant argues that Dr. Lurie's diagnosis was inconsistent with the original diagnosis received by the Plaintiff on the day of the accident. Plaintiff then filed suit soon thereafter on July 2, 2015. The Defendant argues that given this evidence  there is a legitimate basis for a jury to find that plaintiff was motivated by a desire to enhance his changes

in litigation; which helps explain why the Plaintiff ultimately took the steps that he did and failed to pursue more conservative treatment options. *Id.* at 5-6.

The Plaintiff argues that the Defendant is attempting to make a fraud argument which is unfounded based solely on Plaintiff's decision to obtain counsel and seek another medical opinion. The Plaintiff also suggests that the Defendant's attempt to obtain the cell phone records are a veiled attempt by the Defendant to discover the "mole" that is referring injured employees of the Defendant to Plaintiff's counsel. R. Doc. 55-1, p. 1. Finally, the Plaintiff also argues that to whatever extent the information may be relevant, the Defendant's already have the information sought—namely when the Plaintiff first contacted counsel—from the Plaintiff's deposition testimony and other discovery.

Here, the Court is skeptical that the telephone records themselves are relevant to any claim or defense. In *Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, No. 11-1587, 2013 WL 153905, at *2 (W.D. Wash. Jan. 15, 2013), the case cited by the Defendant, the District Court allowed the defendant to offer evidence to "develop the theory that [the plaintiff] sought unnecessary medical treatment or took other steps because of the possibility of litigation," including the plaintiff's decision to hire an attorney days after an accident. However, the *Tavakoli* did not address whether cell phone records would be appropriate evidence for such a theory. Certainly, to the extent that the Plantiff has already admitted that he contacted counsel after his accident and was referred to Dr. Luire by counsel, the Court does not believe that telephone records would be relevant to proving the theory that the Defendants wish to pursue.

Moreover, the Amended Federal Rule of Civil Procedure 26(b)(1) effective December 1, 2015 makes clear that the scope of discovery is limited to matters that are both "relevant" <u>and</u> "proportional." To determine if the discovery is proportional, the Court must consider "the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Of particular salience here are: the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Plaintiff has a higher degree of relative access to this information than Defendant by nature of having access to his own phone records. This factor weighs slightly in favor of proportionality.

However, the Court should not find that the cell phone records are important to resolving the issues. The Plaintiff conceded in his deposition that he contacted and hired an attorney prior to his appointment with Dr. Lurie and that he was referred to Dr. Lurie by that attorney. Discovery of the cell phone records might provide the exact timing of that call, but the exact timing is likely not important to resolving this dispute. Moreover, given the Plaintiff's privacy interest in his phone records, the burden of having those records produced likely outweighs the benefit of knowing the exact timing of the Plaintiff reaching out counsel.

Moreover, the Court may also limit discovery where the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." The discovery deadline in this case is currently set for February 23, 2017. If the Defendant wants to know the exact timing of the Plaintiff's contacting counsel, then there is still time for the Defendant to pursue some other source of that information that is more convenient and less burdensome than having the Plaintiff's cell phone records produced to the Defendant. And, during oral arguments, the Plaintiff indicated that he is amenable to such a request.

**IV.     Conclusion**

**IT IS ORDERED** that the Plaintiff's **Motion to Quash Subpoena Duces Tecum for Production of Cell Phone Records (R. Doc. 55)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Subpoena *Duces Tecum* issued to AT&T Mobility, LLC is **QUASHED.**

New Orleans, Louisiana, this 1th day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**